**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4541**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HENRY JEROME COOPER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (7:03-cr-00106-JLK-1)

———————

Submitted: January 22, 2015      Decided: January 26, 2015

———————

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Jerome Cooper appeals the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment. Cooper contends that his sentence is plainly unreasonable. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, following the procedural and substantive considerations that are at issue in review of original sentences. Id. at 438-39. In this initial inquiry, we take a "more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "In exercising its discretion . . ., a district court is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to

2

revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." Webb, 738 F.3d at 641.

A supervised release revocation sentence is procedurally reasonable if the district court properly calculates the Guidelines range and adequately explains the sentence after considering the Chapter Seven advisory policy statements and the appropriate § 3553(a) factors. 18 U.S.C. § 3583(e) (2014); United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Our review of the record reveals no procedural or substantive error by the district court. We thus conclude that Cooper's sentence is not plainly unreasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED